# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO.    1:10-cv-00803-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| MATTHEW CATE, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On May 10, 2010, Plaintiff Garrison S. Johnson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

The Complaint identifies the following individuals and county as Defendants in this action: (1) Matthew Cate, Secretary, California Department of Corrections and Rehabilitation (CDCR); (2) John Doe[1], Director, CDCR; (3) K. Harrington, Warden, Kern Valley State Prison (KVSP); and (4) Kern County.

Plaintiff alleges the following:

On February 9, 2009, Plaintiff was sent to KVSP, where he presently remains. During his  incarceration at KVSP, "[P]laintiff has been subjected to high levels of arsenic as a result of consuming the drinking water at KVSP."  (Compl. at 6.)

---

[1]  The Court presumes that Plaintiff intended to designate the CDCR Director as a John Doe defendant as his name was omitted in between the word "Defendant" and his title.  (Compl. at 5.)

Sometime in 2001, the "Environmental Protection Agency ordered a reduction in the maximum level of arsenic in drinking water from 50 parts per billion to 10." (Id. at 7.) The deadline for the reduction was January 23, 2006.  The Defendants commissioned a filtration system in order to meet the new standard but decided not to build it. (Id.) Plaintiff learned that the current arsenic level at KVSP was 22 parts per billion and requested a remedy via an inmate appeal which was denied by the Defendants. (Id. at 6.) Plaintiff also discovered that Kern County has a policy to permit the building of prisons where the water contains impermissible levels of arsenic.  (Id.)

"[D]ue to high levels of arsenic exposure [P]laintiff's injuries consist of: Shortness of Breath, Chronic Arsenic Toxicity, Nerve Damage, Stomach Pain.  Also, Plaintiff is at risk of developing" various cancers and other diseases due to his continued exposure.  (Id.)

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges a violation of his Eighth Amendment right be free from cruel and unusual punishment and asserts claims pursuant to California state law for professional negligence, negligent infliction of emotional distress, and fraud and negligent misrepresentation.

### A.   Eighth Amendment

"[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), is violated when prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, e.g., Farmer, 511 U.S. at 828; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. Id. (quotation marks and citation omitted). Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. Id. (quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837 (quotation marks omitted).

4

The exposure to toxic substances can support a claim under section 1983.  See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos).  However, Plaintiff has failed to allege non-speculative facts that would provide a basis to conclude that the arsenic exposure alleged, even though above recommended levels, is sufficiently serious as to constitute a risk of harm to Plaintiff's health.  The fact that the amount of arsenic believed to be present is less than half of what formerly had been the permissible standard suggests that typical exposure is unlikely to have measurable consequences in humans.  Plaintiff has alleged that he has various adverse health conditions attributable to the exposure, but provided no facts that would enable the Court to conclude that this is anything more than unqualified speculation by an individual and not based on medical or other training or science.

Plaintiff's claim also is defective insofar as his attributions of wrongdoing are conclusory and do not adequately link any of the Defendants to the violations alleged. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

The Complaint alleges that Secretary Cate, Director Doe, and Warden Harrington became aware of the excessive arsenic levels sometime after 2001.  (Compl. at 7.)  It alleges these Defendants exhibited deliberate indifference to this serious risk of harm when they decided against building the planned water filtration system (id.) and again on February 24, 2010, when they denied Plaintiff's appeal (id. at 6).  Missing are specific factual allegations connecting each individual Defendant to the conduct described.  The allegations do not make clear what role each Defendant played in the process and how each caused or failed to correct the alleged harm and how they had the capacity to correct it.

1
2
3
4
5
6
7
8
9

Alleging they were supervisors is not sufficient.  To state a claim based on a theory of supervisory liability, Plaintiff must allege facts showing that the supervisory official personally participated in the alleged deprivation of constitutional rights: such as having known of the violations and failed to act to prevent them or having promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff alleges that he "discovered in 2010, that Defendant Kern County has a policy or custom to permit the building of prisons in the Kern Valley area where the water is highly contaminated with arsenic . . . ."  (Compl. at 6.)  Generally, a claim against a local government unit for municipal liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton v. Harris, 489 U.S. 378, 385 (1989).  However, Plaintiff's claim against Kern County does not go beyond mere recital of conclusions.  Plaintiff must allege facts, not conclusions, to support his municipality claim. See Iqbal, 129 S.Ct. at 1949.  To state a cognizable claim, Plaintiff must support his conclusion with plausible factual allegations describing in detail a county policy that was the moving force behind the alleged constitutional violations.  Galen, 477 F.3d at 667.  Those allegations must show that the County action was such as to meet the requirements for an Eighth Amendment violation set forth above.

27

**B.**     **State Law Claims**

Plaintiff alleges California state law causes of action for professional negligence, negligent infliction of emotional distress, and fraud and negligent misrepresentation. The Court will not address the viability of Plaintiff's state law claims at this time because it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

If Plaintiff were otherwise permitted to pursue his state law claims, he would have to demonstrate compliance with the California Tort Claims Act. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974). Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004). Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims. Id.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court

will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

8

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed May 10, 2010;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:    March 29, 2012          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE