UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>MATHEW CATE, et al.<br><br>              Defendants.<br>_____/ | CASE NO.   1:10-cv-803-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(ECF No. 15)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

Plaintiff has filed a motion for injunctive relief.  (ECF No. 15.)  In his motion, Plaintiff asks that the Court issue an order prohibiting Defendants from transferring him to High Desert, Pelican Bay, or Salinas Valley State Prisons.  (Id.)  Plaintiff maintains that other prisoners who, like Plaintiff, have filed lawsuits complaining of a high level of arsenic in drinking water at Kern Valley State Prison often are transferred to one of these three prisons.  (Id. at 5.)  Plaintiff is concerned that he would be injured if he were transferred to any of these three prisons.  (Id.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law.[1]  As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief.  Further, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action.  Thus even if Plaintiff cures the deficiencies in his Complaint and sets forth a viable federal claim based on the quality of drinking water at Kern Valley State Prison, such a claim would not give rise to or justify injunctive relief relating to Plaintiff's future prison placement.  The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order preventing his transfer to another

---

[1] The Magistrate Judge dismissed Plaintiff's Complaint, with leave to amend, for failure to state a claim on March 29, 2012.  (ECF No. 17.)

institution. The equitable relief sought, by its very nature, would not be sufficiently related to Plaintiff's underlying legal claim to satisfy the jurisdictional requirements that apply to federal courts.

Accordingly, the Court RECOMMENDS that Plaintiff's motion for injunctive relief (ECF No. 15) be DENIED because the Court lacks jurisdiction to issue the orders sought.[2] These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 4, 2012                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court lacks jurisdiction, the Court does not reach the merits of the motion.