1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7                 EASTERN DISTRICT OF CALIFORNIA

8

GARRISON S. JOHNSON,                    CASE NO.    1:10-cv-803-AWI-MJS (PC)

9
                          Plaintiff,     FINDINGS AND RECOMMENDATIONS FOR
10                                        DENIAL OF PLAINTIFF'S MOTION FOR
     v.                                   PRELIMINARY INJUNCTIVE RELIEF
11
MATHEW CATE, et al.                     (ECF No. 15)
12
                          Defendants.    OBJECTIONS DUE WITHIN THIRTY DAYS
13
                                    /
14

15         Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner proceeding pro se in a civil

16   rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

17         Plaintiff has filed a motion for injunctive relief.  (ECF No. 15.)  In his motion, Plaintiff

18   asks that the Court issue an order prohibiting Defendants from transferring him to High

19   Desert, Pelican Bay, or Salinas Valley State Prisons.  (Id.)  Plaintiff maintains that other

20   prisoners who, like Plaintiff, have filed lawsuits complaining of a high level of arsenic in

21   drinking water at Kern Valley State Prison often are transferred to one of these three

22   prisons.  (Id. at 5.)  Plaintiff is concerned that he would be injured if he were transferred to

23   any of these three prisons.  (Id.)

24         "A preliminary injunction is an extraordinary remedy never awarded as of right."

25   Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008) (citation omitted).

26   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

27   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

28   that the balance of equities tips in his favor, and that an injunction is in the public interest."

                                        -1-

1   Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing*

2   that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

3          Federal courts are courts of limited jurisdiction and in considering a request for

4   preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

5   matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461

6   U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church

7   and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or

8   controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of

9   injury in fact, causation, and redressability constitutes the core of Article III's case-or-

10  controversy requirement, and the party invoking federal jurisdiction bears the burden of

11  establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04

12  (1998).  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of

13  the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is

14  narrowly drawn, extends no further than necessary to correct the violation of the Federal

15  right, and is the least intrusive means necessary to correct the violation of the Federal

16  right."

17         At this stage in the proceedings, Plaintiff has not stated any claims for relief which

18  are cognizable under federal law.[1]  As a result, the Court has no jurisdiction at this time to

19  award any preliminary injunctive relief.  Further, Plaintiff is not entitled to any relief that is

20  not narrowly drawn to correct the violation of his rights at issue in this action.  Thus even

21  if Plaintiff cures the deficiencies in his Complaint and sets forth a viable federal claim

22  based on the quality of drinking water at Kern Valley State Prison, such a claim would not

23  give rise to or justify injunctive relief relating to Plaintiff's future prison placement.  The

24  constitutional and statutory requirements applicable to equitable relief preclude Plaintiff

25  from entitlement to generalized relief such as an order preventing his transfer to another

26

27         [1] The Magistrate Judge dismissed Plaintiff's Complaint, with leave to amend, for failure to state a
    claim on March 29, 2012.  (ECF No. 17.)

28

-2-

1    institution.  The equitable relief sought, by its very nature, would not be sufficiently related

2    to Plaintiff's underlying legal claim to satisfy the jurisdictional requirements that apply to

3    federal courts.

4           Accordingly, the Court RECOMMENDS that Plaintiff's motion for injunctive relief

5    (ECF No. 15) be DENIED because the Court lacks jurisdiction to issue the orders sought.[2]

6    These Findings and Recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

8    thirty (30) days after being served with these Findings and Recommendations, any party

9    may file written objections with the Court and serve a copy on all parties.  Such a document

10   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

11   Any reply to the objections shall be served and filed within ten days after service of the

12   objections.  The parties are advised that failure to file objections within the specified time

13   may waive the right to appeal the District Court's order.  Martinez v. Y1 st, 951 F.2d 1153

14   (9th Cir. 1991).

15

16

17

18

19

20   IT IS SO ORDERED.

21   Dated:    April 4, 2012                    /s/ Michael J. Seng
                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28
     _____
          [2] Because the Court lacks jurisdiction, the Court does not reach the merits of the motion.