UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:10-cv-00803-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES COGNIZABLE CLAIMS AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |
| | (ECF No. 19) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

### SCREENING ORDER

**I.  PROCEDURAL HISTORY**

On May 10, 2010, Plaintiff Garrison S. Johnson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On March 29, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 17.) Plaintiff's First Amended Complaint (ECF No. 19) is now before the Court for screening.

1

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF FIRST AMENDED COMPLAINT**

The Complaint names (1) Matthew Cate, Secretary, California Department of Corrections and Rehabilitation (CDCR); (2) K. Harrington, Warden, Kern Valley State Prison (KVSP); and (3) Kern County as Defendants in this action.

Plaintiff alleges the following:

On February 9, 2009, Plaintiff was sent to KVSP, and there he remains. During his incarceration at KVSP, "Plaintiff has been subjected to high levels of arsenic as a result of

consuming the drinking water at KVSP." (Compl. at 4.)

Sometime in 2001, the "Environmental Protection Agency ordered a reduction in the maximum level of arsenic in drinking water from 50 parts per billion to 10 nationwide." (Id. at 5.) Michael Bothfeld wrote in the Los Angeles Times on January 3, 2009, that drinking water at KVSP had arsenic at levels far higher than the federal standard. (Id. at 4, 5.) "Recent testing has shown the arsenic level in one [KVSP] well at 23 parts per billion and the other at 15." (Id. at 5.)

On April 1, 2010, Defendant Harrington distributed a notice to the inmate population at KVSP entitled "Important Information About Your Drinking Water." The notice stated:

> You do not need to use alternative water supply (e.g. bottled water), This is not an emergency. If it had been you would had [sic] been notified immediately. However, some people who drink water containing arsenic in excess of the MCL over many years may experience skin damage or circulatory system problems, and may have increased risk to getting cancer. KVSP is working with Facilities Plaining, Construction and Management to install an Arsenic Treatment System. We anticipate resolving the problem by June 2010. (Id. at 4.)

Defendant Harrington released a second notice on July 1, 2010. The second notice was identical to the first, except the anticipated resolution date was extended to October, 2011. Harrington released a report on June 21, 2010, that reaffirmed the health risks associated with consuming water containing excessive levels of arsenic. (Id.)

Long term arsenic exposure has been linked to cancer in the lungs, skin, kidneys, liver, and bladder, along with other diseases. According to the Center for Disease Control, nerve damage resulting in the loss of movement or sensation can be an early sign of arsenic poisoning. (Id. at 5.) High enzyme levels in the liver "can help confirm clinical suspicion" of arsenic poisoning. (Id. at 6.)

3

Plaintiff has experienced "shortness of breath, stomach pain, and back nerve pain." "[I]n 2010, Plaintiff was diagnosed to have high levels of enzymes in his liver." (Id.) Plaintiff filled a health care service request in 2010 and 2012, to be tested for toxic arsenic exposure. Each time Plaintiff cited his symptoms indicative of arsenic poisoning. Plaintiff was never tested. Plaintiff is currently forced to drink water containing excessive levels of arsenic. (Id.)

Defendant Harrington was aware that the arsenic levels at KVSP were dangerous to consume; nevertheless he forced Plaintiff to drink the water for three years in deliberate indifference to Plaintiff's health and safety. (Id. at 6, 7.)

Defendant Cate, as Secretary of the CDCR, is responsible for all operations. Cate instituted a policy whereby state prisons were built in geographical regions with native health threats. For example, four prisons have been built in areas endemic to Valley Fever. (Id. at 7.) Defendant Cate opened KVSP knowing that the water supply contained dangerous levels of arsenic. (Id. at 8.)

Defendants Harrington and Cate were professionally negligent in compelling Plaintiff to drink contaminated water and failing to provide a non-contaminated alternative. Plaintiff has complied with the California Tort Claims Act. (Id.)

Plaintiff also discovered that Kern County has a policy to permit the building of prisons in isolated areas with health threats such as Valley Fever and contaminated water. (Id.)

The Complaint asserts Eighth Amendment claims and state causes of action for Professional Negligence and Negligent Infliction of Emotional Distress. (Id. at 8-10.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment

"[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), is violated when prison

officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, e.g., Farmer, 511 U.S. at 828; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. Id. (quotation marks and citation omitted). Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. Id. (quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837 (quotation marks omitted).

        1.      Sufficiently Serious

Plaintiff alleges that the water provided at KVSP is contaminated with arsenic. Recent testing of the water sources show arsenic levels as high as twice that permitted by federal standards. Defendant Harrington has repeatedly issued statements acknowledging the health risks, including cancer, associated with prolonged exposure to excessive levels of arsenic and the need for a treatment system. Plaintiff has been incarcerated at KVSP and consuming its water since February 9, 2009. As of the filing of this complaint, the water at KVSP remains toxic. The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos). These allegations satisfy the first element of Plaintiff's Eighth Amendment claim.

        2.      Deliberate Indifference

            a.      Warden Harrington

Plaintiff alleges that on April 1, 2010, Warden Harrington distributed a notice to inmates at KVSP regarding the water in the prison. The notice stated that the water quality problem was not an emergency, but acknowledged that drinking contaminated water over a period of years could cause serious damage to an individual's health. Harrington anticipated that the installation of an arsenic treatment system would resolve the problem by June, 2010. By July, 2010, the problem was not fixed and the resolution date was pushed back to October, 2011. Plaintiff alleges that recent testing shows arsenic levels as high as twice the maximum permissible under federal standards.

A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837-45. Plaintiff's allegations sufficiently demonstrate that (1) Defendant Harrington was actually aware that consuming the contaminated water at KVSP over a period of years was dangerous and (2) he has let the problem go uncorrected for two years without taking reasonable corrective measures. Thus, Plaintiff states a cognizable Eighth Amendment claim against Defendant Harrington.

b. Secretary Cate

The Complaint alleges that Defendant Cate exhibited deliberate indifference by adopting a policy whereby state prisons were constructed in areas with native health threats. As an example of this policy, Plaintiff states that four prisons have been built in areas endemic to Valley Fever. Plaintiff alleges that Defendant Cate opened KVSP knowing that the water supply contained dangerous levels of arsenic.

Plaintiff's allegations do not satisfy the second element of his claim against

Defendant Cate. Mere conclusory statements attributing liability can not support a cognizable claim. Iqbal, 129 S.Ct. at 1949. The Complaint offers no facts describing the policy or explaining how Plaintiff is aware of such a policy. Plaintiff's example of prisons being built in areas endemic to Valley Fever does not support his claim. The courts of this district have found that claims based solely on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious. Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)). Asserting liability based on Defendant Cate's role as a supervisor is also insufficient. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court's previous screening order instructed Plaintiff on the applicable law and gave him an opportunity to amend. Plaintiff has again been unable to allege facts demonstrating that Defendant Cate violated Plaintiff's constitutional rights. No useful purpose would be served by granting leave to amend. The Court recommends Plaintiff's claims against Defendant Cate be dismissed with prejudice.

        c.      Kern County

The Complaint alleges that Kern County has a policy to permit the building of prisons in isolated areas with health threats such as Valley Fever and contaminated water. Generally, a claim against a local government unit for municipal liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff's allegation against Kern County is substantively identical to the one put

forth in the original complaint. The Court's previous screening order instructed Plaintiff that this allegation is a conclusion, unsupported with facts, and is not sufficient to state a claim. Plaintiff was instructed that in order to state a cognizable claim, he would have to support this conclusion with plausible factual allegations describing in detail a county policy that was the moving force behind the alleged constitutional violations. (ECF No. 17 at 6.) Plaintiff has again failed to do so. It appears that Plaintiff is unaware of any factual allegations to support his claim against Kern County. Further leave to amend is not necessary. The Court recommends Plaintiff's claims against Defendant Kern County be dismissed with prejudice.

**C.    Negligence**

Plaintiff alleges California state law causes of action for professional negligence[1] and negligent infliction of emotional distress[2] against each Defendant.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2012). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiff's negligence claim against Kern County fails as a matter of law because

---

[1] There is no conceptual difference between professional negligence and ordinary negligence; irrespective of the label attached, a plaintiff must allege the same essential elements. Walker v. Woodford, 2007 WL 2406893, *19 (S.D. Cal. Aug. 19, 2007) (citing Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal.4th 992, 996 (1994) (finding lower court "erroneously premised their result on a perceived conceptual distinction between 'ordinary' and 'professional' negligence").

[2] The negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply. Wong v. Tai Jin, 117 Cal.Rptr.3d 747, 767 (Cal. Ct. App. 2010) (quotation marks omitted); Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (Cal. 1993); Burgess v. Superior Court, 2 Cal.4th 1064, 1072 (Cal. 1992).

California Government Code section 844.6 provides immunity to public entities for injuries to prisoners. Wheat v. County of Alameda, 2012 WL 966949, *6 (N.D. Cal. Mar. 21, 2012) (dismissing various state law claims, including negligence, against a county defendant because § 844.6(a)(2) grants immunity); see also Hart v. Cnty. of Orange, 254 Cal.App.2d 302, 306 (1967) ("In sum, [S]ection 844.6 says that a prisoner who experiences an injury which otherwise would be actionable for the reason that he is a prisoner may not recover against the public entity").

Plaintiff's negligence claim against Defendant Cate also fails. The Complaint does not provide facts in support of the conclusion that Defendant Cate was the cause of damage to Plaintiff through the breach of a duty owed to Plaintiff. As discussed above, mere conclusory statements attributing liability can not support a cognizable claim. Iqbal, 129 S.Ct. at 1949; see Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir. 1987) (federal pleading rules apply to state law claims in supplemental jurisdiction).

Plaintiff alleges that he was an inmate at KVSP and Defendant Harrington was Warden of the prison. A jailer has a special relationship with a prisoner that creates a duty of care. Lawson v. Superior Court, 180 Cal.App.4th 1372, 1389 (Ct. App. 2010). Warden Harrington allegedly breached his duty of care by failing to correct PVSP's contaminated water supply, a problem Warden Harrington has been aware of for more than two years. Plaintiff alleges that he has been forced to drink the water at KVSP for more than three years and suffers from early signs of arsenic poisoning. Based on the facts alleged above, it appears Plaintiff has stated a cognizable negligence claim under state law.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims

10

Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2012). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff alleges compliance. (Compl. at 8.) The Court will thus exercise its supplemental jurisdiction over Plaintiff's negligence claim against Defendant Harrington. 28 U.S.C. § 1367(a). For the reasons stated above, the Court recommends Plaintiff's negligence claims against Defendants Cate and Kern County be dismissed with prejudice.

## IV.    CONCLUSION AND ORDER

Plaintiff states cognizable claims against Defendant Harrington for the violation of Plaintiff's Eighth Amendment rights and negligence under state law. Plaintiff has failed to state a claim against Defendants Cate and Kern County.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Plaintiff be allowed to proceed on his Eighth Amendment and negligence claims against Defendant Harrington;
2.  Plaintiff's claims against Defendants Cate and Kern County be dismissed with prejudice; and
3.  Defendants Cate and Kern County be dismissed from this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 24, 2012                        /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE