UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARRISON S. JOHNSON, | ) | CASE NO. 1:10-cv-00803-AWI-MJS (PC) |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | ) | |
| MATTHEW CATE, et al., | ) | (ECF No. 29) |
| Defendants. | ) | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Garrison Johnson is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's First Amended Complaint (Am. Compl., ECF No. 19) and found that it stated cognizable claims against Defendant Harrington (ECF No. 20). The remaining claims and Defendants were dismissed. (ECF No. 23.) Plaintiff is currently proceeding against Defendant Harrington based on alleged violations of the Eighth Amendment and negligence under California law.

Defendant Harrington filed a motion to dismiss Plaintiff's operative complaint on November 21, 2012 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state

1

a claim upon which relief may be granted. (Def.'s Mot., ECF No. 29.) Plaintiff filed an opposition (Pl.'s Opp'n, ECF No. 31) and the Defendant replied (Def.'s Reply, ECF No. 32.) Pursuant to Local Rule 230(l), Defendant Harringtion's motion is now ready for ruling.

## I.   **LEGAL STANDARD**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197, n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## II.   **PLAINTIFF'S CLAIMS**

Plaintiff alleges the following:

On February 9, 2009, Plaintiff was sent to Kern Valley State Prison (KVSP), and there he remains. During his incarceration at KVSP, "Plaintiff has been subjected to high

2

levels of arsenic as a result of consuming the drinking water at KVSP." (Am. Compl. at 4.)

Sometime in 2001, the "Environmental Protection Agency ordered a reduction in the maximum level of arsenic in drinking water from 50 parts per billion to 10 nationwide." (Id. at 5.) Michael Bothfeld wrote in the Los Angeles Times on January 3, 2009, that drinking water at KVSP had arsenic at levels far higher than the federal standard. (Id. at 4, 5.) "Recent testing has shown the arsenic level in one [KVSP] well at 23 parts per billion and the other at 15." (Id. at 5.)

On April 1, 2010, Defendant Harrington distributed a notice to the inmate population at KVSP entitled "Important Information About Your Drinking Water." The notice stated:

> You do not need to use alternative water supply (e.g. bottled water), This is not an emergency. If it had been you would had [sic] been notified immediately. However, some people who drink water containing arsenic in excess of the MCL over many years may experience skin damage or circulatory system problems, and may have increased risk to getting cancer. KVSP is working with Facilities Plaining, Construction and Management to install an Arsenic Treatment System. We anticipate resolving the problem by June 2010. (Id. at 4.)

Defendant Harrington released a second notice on July 1, 2010. The second notice was identical to the first, except the anticipated resolution date was extended to October, 2011. Harrington released a report on June 21, 2010, that reaffirmed the health risks associated with consuming water containing excessive levels of arsenic. (Id.)

Long term arsenic exposure has been linked to cancer in the lungs, skin, kidneys, liver, and bladder, along with other diseases. According to the Center for Disease Control, nerve damage resulting in the loss of movement or sensation can be an early sign of arsenic poisoning. (Id. at 5.) High enzyme levels in the liver "can help confirm clinical suspicion" of arsenic poisoning. (Id. at 6.)

3

Plaintiff has experienced "shortness of breath, stomach pain, and back nerve pain." "[I]n 2010, Plaintiff was diagnosed to have high levels of enzymes in his liver." (Id.) Plaintiff filled a health care service request in 2010 and 2012, to be tested for toxic arsenic exposure. Each time Plaintiff cited his symptoms indicative of arsenic poisoning. Plaintiff was never tested. Plaintiff is currently forced to drink water containing excessive levels of arsenic. (Id.)

Defendant Harrington was aware that the arsenic levels at KVSP were dangerous to consume; nevertheless he forced Plaintiff to drink the water for three years in deliberate indifference to Plaintiff's health and safety. (Id. at 6, 7.)

Defendant Harrington permitted constitutionally deficient conditions of confinement in violation of Plaintiff's rights afforded by the Eighth Amendment. Plaintiff further asserts that Harrington was negligent under state law by compelling Plaintiff to drink contaminated water and failing to provide a non-contaminated alternative. Plaintiff has complied with the California Tort Claims Act. (Id.)

### III.    MOTION TO DISMISS ARGUMENTS

    A.    Defendant's Motion

Defendant Harrington argues that Plaintiff's First Amended Complaint should be dismissed for failure to state a claim under 42 U.S.C. § 1983. The Defendant argues that Plaintiff's conclusory allegations do not establish that the Defendant acted with deliberate indifference. (Def.'s Mot. at 5-8). He also asserts that Plaintiff's claims are barred by Eleventh Amendment immunity. (Id. at 8.)

The Motion to Dismiss contends that the amended complaint falls short of plausibly alleging that Harrington acted or failed to act with knowledge of the risk of harm. The

4

notices cited by Plaintiff and attributed to the Defendant state that the water situation is not an emergency and that inmates do not need to use an alternative water supply. (Id. at 5-6.) Plaintiff also fails to establish that Defendant was aware of the facts described in the Los Angeles Times article cited in the amended complaint. (Id. at 6.) The Defendant further argues that the amended complaint does not explain how exactly Harrington personally participated in the alleged violation. (Id. at 6-7.)

Finally, the Defendant argues that, "[t]o the extent Plaintiff claims that Defendant may be sued because he put in place the allegedly defective policies, practices, customs, etc., that led to plaintiff's injury, such a claim is" against the Defendant in his official capacity and therefore barred by the Eleventh Amendment. (Id. at 8.)

B.   Plaintiff's Opposition

Plaintiff opposes the Defendant's motion by arguing that the amended complaint alleged all that is necessary to state a claim. In the operative complaint, Plaintiff alleged that Defendant Harrington was personally aware that arsenic levels at KVSP were dangerous and for three years failed to take steps to mitigate the risk of harm. Plaintiff also argues that Eleventh Amendment immunity does not apply because his claim against the Defendant is not based on a defective policy, practice, or custom. (Pl.'s Opp'n at 6.)

C.   Defendant's Reply

In reply, Defendant argues that Plaintiff's opposition abandoned claims against the Defendant based on supervisory liability and a defective policy, practice, or custom. (Def.'s Reply at 2.) Defendant asserts that Plaintiff's remaining legal theory, personal participation on the part of the Defendant, is not sufficiently supported with factual allegations. Plaintiff fails to identify an instance where the "Defendant personally forced Plaintiff to consume

water allegedly contaminated with arsenic." (Id.) The Defendant concludes that Plaintiff's claim rests on the Defendant's distribution of notices and that alone is not sufficient to state a claim. (Id. at 2, 3.)

## IV. ANALYSIS

As noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969. It is that very standard which the Court applies in screening a pro se prisoner complaint to determine, prior to allowing it to be served, whether it states a cognizable claim. Indeed, it was that very standard which this Court applied in evaluating Plaintiff's First Amended Complaint, and it was that review which lead to the Court's conclusion that Plaintiff First Amended Complaint did state cognizable claims, i.e., the Court found that Plaintiff made claims which, when taken as true for pleading purposes, would survive a Rule 12(b)(6) motion.

Nothing has since changed.

Nevertheless, Defendants argue that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6). The Court would prefer not to duplicate its efforts and explain again why it reached the conclusions it did on screening, but the present Motion to Dismiss effectively asks it to do so. Accordingly, the Court will here address the substantive issues presented by the pleading while, at the same time, inviting Defendants to refocus their energies and the Court's attention on a proceeding, such as a motion for summary judgment, where something new can be submitted and considered.

The Defendant's Motion to Dismiss and Reply primarily challenge whether the amended complaint plausibly alleged that Defendant Harrington contributed to the violation of Plaintiffs's rights with the requisite state of mind. Because Plaintiff concedes that he is not pursuing a claim against the Defendant in his official capacity, the issue of Eleventh Amendment immunity is moot.

Plaintiff alleged that Defendant Harrington distributed two identical notices to inmates, on April 1, 2010 and July 1, 2010, respectively, addressing the quality of water at KVSP. The notices acknowledged a water quality problem that, while not an emergency, required a long term solution. The notices stated that drinking contaminated water over a period of years could cause serious damage to an individual's health.

Defendant Harrington issuing the notices, alone, does not establish deliberate indifference. However, the notices charge the Defendant with knowledge of the serious risk of harm with long term exposure to the arsenic in the water. Plaintiff alleges that notwithstanding that knowledge, Defendant failed over a period of years to reduce the arsenic concentration in the water to healthy levels. Defendant's failure to act is the basis for Plaintiff's claim.

A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837-45 (1994). Plaintiff does not need to identify an affirmative act, such as forcing an inmate to drink the contaminated water, to state a claim. "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (internal quotation marks and citation omitted). Plaintiff's claim is based on the Defendant's omission, not an affirmative act.

Plaintiff's First Amended Complaint plausibly alleges that Defendant Harrington knowingly failed to cure a dangerous situation at KVSP. Nothing more is required to survive Defendant's Motion to Dismiss. Iqbal, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

## V.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Harrington's motion to dismiss (ECF No. 29) be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE