UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATHEW CATE, et al.,<br><br>　　　　Defendants. | CASE NO. 1:10-cv-0803-AWI-MJS (PC)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS (ECF Nos. 52 & 56);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES (ECF No. 55);**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR FEES AND COSTS OR SANCTIONS (ECF No. 55);**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 56);**<br><br>**(5) DISREGARDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 56);**<br><br>**(6) GRANTING PLAINTIFF'S REQUEST TO MODIFY THE COURT'S DISCOVERY AND SCHEDULING ORDER (ECF No. 57);** |

**(7) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION TO COMPEL (ECF No. 64);**

**(8) DENYING MOTION FOR PHYSICAL EXAMINATION (ECF No. 65);**

**(9) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 79); AND**

**(10) GRANTING PLAINTIFF'S REQUEST FOR NOTIFICATION (ECF No. 80)**

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This action proceeds against Defendant Harrington on Plaintiff's Eighth Amendment claim for cruel and unusual punishment and his California state law negligence claim. (ECF Nos. 20 & 23.) Specifically, Plaintiff claims that Defendant was deliberately indifferent to a serious risk of harm to Plaintiff from arsenic contaminated water at Kern Valley State Prison ("KVSP") where Plaintiff was housed. (ECF No. 19.)

Defendant has filed a motion for summary judgment. (ECF No. 66.) However, Plaintiff has filed numerous non-dispositive motions that must be addressed prior to reaching Defendant's motion. Each of Plaintiff's motions is addressed below.

## II. MOTION FOR APPOINTMENT OF INDEPENDENT EXPERT

Plaintiff filed a motion for the appointment of an expert witness (ECF No. 52), and then an amended motion seeking the same relief. (ECF No. 56). Defendant did not oppose the motions, and the time for doing so has passed.

Plaintiff seeks an expert witness to testify regarding the effects of consuming water that contains arsenic in excess of federal standards. (ECF No. 52.) He has received from Defendant reports from two experts. One expert indicated that he would

not expect to see health effects associated with drinking the water at KVSP. The other indicated that, although consumption of arsenic at these levels could have biochemical effects after years of exposure, "medical studies don't show much if any disease at these levels." Plaintiff contends that these reports are conflicting and do not address whether arsenic could cause the types of medical problems he is experiencing.

In his amended motion (ECF No. 56), Plaintiff details additional, more recent medical conditions he believes are associated with his consumption of arsenic. He notes that, in order to establish that this condition is linked to arsenic, he requires an expert witness.

### A.    Legal Standard

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the district court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir.1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (citation omitted)

### B.    Analysis

Plaintiff seeks appointment of an independent expert to assist the Court or jury in understanding whether his medical complaints are linked to his consumption of arsenic.

Plaintiff does not proceed in forma pauperis in this action. Nothing before the Court suggests he cannot pay the cost of hiring an expert. An expert will not be appointed where the matter can be addressed by party experts. Mallard Bay Drilling, Inc., v. Bessard, 145 F.R.D. 405, 406 (D.C. La. 1993) (no appointment of independent expert where the parties' experts are qualified and capable of presenting sufficient information).

3

Additionally, the appointment of an independent expert is to assist the trier of fact, not a particular litigant. See Joe S.Cecil & Thomas E. Willging, Court-Appointed Experts, at 538 (Fed. Jud. Center 1994) (Rule 706 is meant to promote accurate fact finding where issues are complex, esoteric and beyond the ability of the fact finder to understand without expert assistance). Here, Plaintiff requests an independent expert to establish a necessary element of his case. Rule 706 does not exist to assist a party.

Appointment of an independent expert under Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice. In re Joint E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

Accordingly, for the reasons stated, Plaintiff's motion for the appointment of an independent expert will be denied without prejudice.

**III.    MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiff seeks to compel responses to Interrogatory Nos. 2, and 4-11 of his first set of interrogatories. (ECF No. 55.) Plaintiff's motion includes a request for $800 in fees and costs associated with preparing the motion or $800 in sanctions. Defendant filed an opposition. (ECF No. 58.) Plaintiff did not file a reply and the time for doing so has passed.

**A.    Legal Standard**

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(1). The

4

responding party is obligated to respond to the interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); see Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 356 (D. Md. 2008) (boilerplate objections waived any legitimate objections responding party may have had); Chubb Integrated Sys., Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); Pulsecard, Inc. v. Discovery Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan. 1996) (objection on grounds of vagueness and ambiguity overruled if terms and phrases used in interrogatories are susceptible to ordinary definitions). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, No. 1:04-cv-05935-AWI-SmS-PC, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.     Analysis**

A ruling on Interrogatory No. 4 is dispositive of this motion. Accordingly, the Court begins its analysis with Interrogatory No. 4. Having considered the motion and Defendant's opposition and the relevant discovery request and response, the Court rules as follows.

**Interrogatory No. 4:**

> If your answer denies the allegations contained in Paragraphs 1 through 30 of Plaintiff's complaint, pertaining to Plaintiff being subjected to high levels of arsenic drinking water for a long period of time when confined at KVSP on April 1, 2010 and July 1, 2010, Defendant Harrington distributed a notice to the KVSP inmate population entitled "Important Information About Your Drinking Water; That on June 21, 2010, a 2009 Consumer Confidenence [sic] Report of the water system at Kern Valley State Prison was made available to the inmate population; In 2001, the U.S. Environmental Protection Agency ordered a reduction in the maximum level of arsenic in drinking water from 50 parts per billion to 10 nationwide. Water suppliers had until January 23, 2005, to meet the new standard; In 2010, Plaintiff was diagnosed to have high levels of enzymes in his liver; In 2010 and 2012, Plaintiff filled out a Health Care Service Request Form requesting laboratory testing for arsenic exposure due to breathing causing him to feel sharp pain in his chest, stomach pain, back nerve damage, and high levels of enzymes in his liver and he was never tested for arsenic exposure; That Defendant Harrington was deliberate indifference to Plaintiff's serious health and safety needs by compelling him to consume high levels of arsenic water for more than 3-years; Defendant Harrington was deliberate indifference to Plaintiff's serious health and safety needs by failing to provide him bottled water as an alternative to consuming high levels of arsenic water; Defendant Harrington subjected Plaintiff inhumane living conditions when he compelled Plaintiff to drink high levels of arsenic water knowing would be subject to excessive risk of injuries; Defendant Harrington exposed Plaintiff to involuntary unreasonable high levels of arsenic water that seriously threaten his future health is deliberate indifference to potential effects on Plaintiff's health; Defendant Harrington subjected Plaintiff to professional negligence by compelling him to consume high levels of arsenic water for over 3-years; Defendant Harrington subjected Plaintiff to professional

negligence by failing to provide bottle water and/or non-contaminated water as an alternative to the water at KVSP. Are you, or any agent or person acting on your behalf, aware of any fact, observation, documents, or item of evidence that, either directly or indirectly, supports your denial or otherwise contradict the allegations of the Plaintiff? If your answer is anything other than an Unqualified "No" then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

A. A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

B. The name, business address, telephone number, or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

C. The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and other details that relates to the manner in which you obtained such knowledge.

D. If the subject information is documentary, will you please, with out a motion to produce, attach a copy to your answer to these interrogatories.

**Response No. 4:**

Defendant objects to this interrogatory on the ground it is compound with improper subparts in that Plaintiff has set forth 12 separate allegations requiring 7 separate responses to each of those 12 allegations totaling 84 separate interrogatories set forth herein. The questions identified in Interrogatory No. 4, should have been separated so as to avoid any deliberate attempt or inadvertent presentation of interrogatories in excess of the 25-limit imposed by Federal Rule of Civil Procedure 33(a). Defendant objects that this interrogatory on the ground it is vague, ambiguous and overbroad in that Plaintiff does not specifically set forth all of the allegations for which he is seeking a response, instead Plaintiff refers to Paragraphs 1 through 30 of Plaintiff's complaint. Defendant objects to this interrogatory on the ground that it is vague and ambiguous as to the terms

7

> "identification and location of the subject information" and "identification and location of the subject information." Defendant objects to this interrogatory on the grounds it is overbroad as to subject matter and time and is unduly burdensome as it is duplicative. Defendant objects to this request in that it is not full and complete in and of itself. Defendant objects to the request on the ground that it seeks content or production of documents, which is an improper purpose for interrogatories. Defendant objects to this interrogatory to the extent it seeks information subject to the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this interrogatory to the extent it seeks information protected by laws protecting privacy and confidentiality, including but not limited to Penal Code section 832.7, the Peace Officer Bill of Rights as set forth in California Government Code section 3300-3313, the Information Practices Act as set forth in California Civil Code section 1798 et seq., and California Evidence Code section 1040.

**Ruling:**

Plaintiff argues that Defendant's boilerplate objections are insufficient. He also argues that the subparts of his interrogatory are related and therefore should not count as separate interrogatories.

Defendant argues that this interrogatory is a contention interrogatory, is overly broad or burdensome, and exceeds the 25-interrogatory limit of Federal Rule of Civil Procedure 33. Defendant also contends that he provided the documentary evidence requested in Interrogatory No. 4(d) in response to Plaintiff's request for production of documents.

Plaintiff's interrogatory seeks information regarding 12 different specific factual allegations. The allegations range in subject matter from notices distributed to inmates by Defendant to the content of Plaintiff's health care service request forms. Each of these allegations is discrete and will be counted as a separate interrogatory. See Safeco of Am. v. Rawstron, 181 F.R.D. 441, 446 ("[A]n interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should

8

be construed as containing a subpart for each request for admission contained in the set.")

Subparts A-D of Interrogatory No. 4 also involve at least four discrete inquiries: facts, persons, documents, and the "manner and method" by which Defendant came by such information. See id. 442-43, 446 (treating requests for facts, documents, and witness as separate interrogatories); Trevino v. ACB Am., Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) (interrogatory asking defendant to "[i]dentify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications" constitutes three separate interrogatories); Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories).

Thus, Interrogatory No. 4 contains at least 48 discrete subparts.[1] The other contested Interrogatories, Nos. 2 and 5-11, also contain multiple discrete subparts. Plaintiff's interrogatories far exceed the number permitted under Federal Rule of Civil Procedure 33.

Plaintiff is permitted 25 interrogatories and thus, Defendant was required to respond to some of these. However, determining what, precisely, Defendant was required to respond to presents some difficultly. Additionally, the Court is unable to determine which of Defendant's objections may pertain to which subparts, and thus which objections may be meritorious. Thus, rather than granting Plaintiff's motion to compel, the Court will afford Plaintiff the opportunity to "prioritize his inquiries and

---

[1] The Court recently concluded that a similar interrogatory propounded by Plaintiff in an unrelated case did not contain discrete subparts or constitute multiple interrogatories. Johnson v. Cate, No. 10-cv-2348, ECF No. 74 (Aug. 27, 2014). However, that interrogatory was worded more generally, and its scope was somewhat more limited. Although the Court gave Plaintiff leeway on the number of interrogatories in that case, it will not do so here, where Plaintiff has propounded numerous compound interrogatories containing an unmanageable number of discrete subparts.

1  determine which interrogatories to again submit to defendant." Superior Commc'ns, 257
2  F.R.D. at 218-19.
3      Plaintiff's motion to compel will be denied without prejudice. Plaintiff may resubmit
4  23 interrogatories to Defendant within thirty days.[2]

### C. Request for Fees and Costs or Sanctions

6      Plaintiff seeks $800 in attorney's fees and costs or sanctions pursuant to Federal
7  Rules of Civil Procedure 33 and 37.
8      Federal Rule of Civil Procedure 33 does not, standing alone, provide a basis for
9  sanctions.
10     Federal Rule of Civil Procedure 37(a)(5) provides for the payment of the movant's
11 reasonable expenses, including attorney's fees, upon the granting of a motion to compel.
12 It also provides for the payment of the non-movant's reasonable expenses upon the
13 denial of a motion to compel. Finally, the rule provides for a reasonable apportionment of
14 expenses if the motion is granted in part and denied in part.
15     The Court has denied Plaintiff's motion to compel, Plaintiff is proceeding pro se,
16 and he has not identified the source of any costs reasonably associated with bringing the
17 motion. Considering the nature of the requests, Defendant's meritorious objections, and
18 the limited relief granted, the Court will not order the imposition of monetary or other
19 sanctions at this time.
20     Plaintiff's motion for fees and costs or sanctions will be denied.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

22     Plaintiff argues that the appointment of counsel is warranted because of the
23 complex medical and scientific issues involved in his claims. (ECF No. 56)
24     Plaintiff does not have a constitutional right to appointed counsel in this action,
25 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). 28 U.S.C. § 1915(e)(1) confers
26 on the district court the power to request that counsel represent a litigant who is

---

[2] Defendant has already responded to two of Plaintiff's allowed 25 interrogatories.

10

proceeding in forma pauperis. Plaintiff is not proceeding in forma pauperis in this action and has provided no other basis to appoint counsel. Plaintiff cites Weir v. Potte, 214 F. Supp. 2d 53, 55 (D. Mass. 2002), for the proposition that a person not indigent enough to proceed in forma pauperis may nonetheless be appointed counsel. However, Weir involved Title VII, which contains a separate statutory basis for the appointment of counsel. The instant case is not brought pursuant to Title VII.

Even if the Court had authority to request counsel pursuant to 28 U.S.C. § 1915(e)(1), the court will seek volunteer counsel only in the most serious and exceptional cases. See Rand, 113 F.3d at 1525. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Id. (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with individual cases challenging conditions of confinement almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel will be denied without prejudice.

**V.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

Along with his amended motion for the appointment of an independent expert and his motion for appointment of counsel, Plaintiff submitted an application to proceed in forma pauperis. (ECF No. 56.)

As an initial matter, Plaintiff's application is deficient. It does not contain a certification or statement of the amount of funds in Plaintiff's prison trust account, leaving the Court unable to discern whether Plaintiff is able to pay court fees.

In any event, Plaintiff has paid the filing fee in this action. Accordingly, his application to proceed in forma pauperis will be denied as moot. See 28 U.S.C. 1915(a)(2) (authorizing prisoners seeking to bring a civil action to do so without prepayment of fees in certain circumstances).

## VI.   REQUEST TO MODIFY DISCOVERY AND SCHEDULING ORDER

The Court's discovery and scheduling order set July 1, 2014 as the discovery cut-off. (ECF No. 40.) On May 27, 2014, Plaintiff filed a motion to extend the discovery cut-off to October 11, 2014. (ECF No. 57.) Plaintiff argued that his aforementioned motion to compel was pending with the Court and, if granted, could result in Plaintiff requiring further discovery.

Defendant Harrington filed a statement of non-opposition, acknowledging that discovery matters were still outstanding and that Plaintiff's proposed extension to October 11, 2014 was reasonable. (ECF No. 63.)

Plaintiff has presented good cause for modifying the discovery and scheduling order. However, at this time, an extension of the discovery cut-off to Plaintiff's proposed date of October 11, 2014 is no longer workable. Accordingly, the Court will extend the discovery cut-off to and including February 20, 2015.

## VII.   MOTION FOR EXTENSION OF TIME TO FILE MOTION TO COMPEL

Defendant sought and received an extension of time to July 23, 2014 to respond to Plaintiff's first set of requests for admissions (ECF Nos. 60 & 62), making Defendant's response due after the July 1, 2014 discovery cut-off. (ECF No. 40.) Prior to receiving Defendant's response, Plaintiff sought an extension of time to file a motion to compel, if necessary. (ECF No. 64.) Plaintiff has, by now, received Defendant's response, which was due on July 23, 2014..

In light of the Court's order herein extending the discovery cut-off to February 20, 2015, Plaintiff's deadline for filing a motion to compel also will be extended to February 20, 2015. His motion for extension of time (ECF No. 64) will be granted.

**VIII.  MOTION FOR PHYSICAL EXAMINATION**

Plaintiff filed a motion for an order directing Defendant to have Plaintiff examined by prison doctors and tested to determine the levels of arsenic in his body. (ECF No. 65.) Plaintiff contends that such testing is necessary to link his medical conditions to arsenic contamination. He argues that the California Department of Corrections and Rehabilitation ("CDCR") is required to provide Plaintiff's medical care without cost, and therefore should be required to provide such laboratory testing without cost.

Federal Rule of Civil Procedure 35(a) permits the Court to order a party to submit to a physical examination, or to order a party to produce for examination a person who is in its custody or under its legal control. It does not provide authority for the Court to order a defendant to pay for testing that might substantiate a plaintiff's case.

Nor does CDCR's statutory obligation to pay for Plaintiff's medical care impose such an obligation. The instant case involves Plaintiff's alleged exposure to arsenic and ensuing medical complications. It does not involve a claim that his alleged arsenic exposure was improperly treated. If Plaintiff believes testing of his arsenic levels was required for medical treatment and improperly denied, he should raise such allegations in a separate action.

Plaintiff seeks to impose on Defendant the burden of producing evidence to support Plaintiff's case. Plaintiff has provided no authority for doing so and the Court finds none. Accordingly, his motion for a physical examination at Defendant's expense will be denied.

## IX. MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT

Because of the pending motions discussed herein, Plaintiff filed a motion for an extension of time to oppose Defendant's motion for summary judgment. (ECF No. 79.) Defendant did not file an opposition.

In light of the Court's ruling herein extending the discovery cut-off, Plaintiff is granted to and including March 20, 2015 to file an opposition to Defendant's motion for summary judgment.

## X. REQUEST THAT COURT NOTIFY PLAINTIFF AS TO WHETHER IT RECEIVED PLAINTIFF'S MOTION REQUESTING EXTENSION OF TIME TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff asks for notification as to whether the Court received his motion for extension of time because he is not sure all of his outgoing mail has been delivered. (ECF No. 80.)

Plaintiff's request is granted. This order serves as notification in response to Plaintiff's request.

## XI. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of expert witness (ECF Nos. 52 & 56) is DENIED without prejudice;
2. Plaintiff's motion to compel answers to interrogatories (ECF No. 55) is DENIED without prejudice;
3. Plaintiff may submit further interrogatories to Defendant within 30 days;
4. Plaintiff's request for fees and costs or sanctions in relation to his motion to compel (ECF No. 55) is DENIED;
5. Plaintiff's motion for appointment of counsel (ECF No. 56) is DENIED without prejudice;

6. Plaintiff's application to proceed in forma pauperis (ECF No. 56) is DENIED as moot;

7. Plaintiff's request to modify the discovery and scheduling order (ECF No. 57) is GRANTED;

8. The discovery cut-off is HEREBY EXTENDED to February 20, 2015;

9. Plaintiff's motion for extension of time to file a motion to compel (ECF No. 64) is GRANTED;

10. The deadline for filing motions to compel is HEREBY EXTENDED to February 20, 2015;

11. Plaintiff's motion for physical examination (ECF No. 65) is DENIED;

12. Plaintiff's motion for extension of time to file an opposition to Defendant's motion for summary judgment is granted (ECF No. 79);

13. Plaintiff may file his opposition to the motion for summary judgment on or before March 20, 2015; and

14. Plaintiff's request to be notified as to whether the Court received his motion for extension of time to oppose the summary judgment motion (ECF No. 80) is GRANTED.

IT IS SO ORDERED.

Dated:   December 8, 2014          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE