UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATHEW CATE, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-0803-AWI-MJS (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STAY PROCEEDINGS ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 95)**<br><br>**THIRTY (30) DAY DEADLINE** |

**I.　PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The action proceeds against Defendant Harrington on Plaintiff's Eighth Amendment claim for cruel and unusual punishment and his California state law negligence claim. (ECF Nos. 20 & 23.) Specifically, Plaintiff claims that Defendant was deliberately indifferent to a serious risk of harm to Plaintiff from arsenic-contaminated water at Kern Valley State Prison ("KVSP") where Plaintiff was housed. (ECF No. 19.)

Defendant filed a motion for summary judgment. (ECF No. 66.) Plaintiff filed an opposition (ECF No. 85), and Defendant filed replies (ECF Nos. 90, 91, 92.) Defendant also filed objections to some of Plaintiff's evidence, and moved to strike that evidence. (ECF No. 93.)

Thereafter, Plaintiff filed a purported Notice of Errata with additional exhibits (ECF No. 94), a sur-reply (ECF No. 96), and a response to Defendant's evidentiary objections and motion to strike (ECF No. 97). Plaintiff also filed a motion to stay proceedings on the motion for summary judgment to allow him to obtain additional evidence. (ECF No. 95.) Defendant moved to strike Plaintiff's sur-reply (ECF No. 99), replied to Plaintiff's opposition to Defendant's motion to strike (ECF No. 100), and opposed the motion to stay (ECF No. 101). Plaintiff opposed the motion to strike his sur-reply (ECF No. 103), and replied to Defendant's opposition to his motion to stay (ECF No. 104).

Although numerous filings relating to the summary judgment motion are pending before the Court, the Court herein addresses only Plaintiff's motion to stay. (ECF No. 95.) The matter is deemed submitted. Local Rule 230(*l*).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) permits the Court to delay consideration of a motion for summary judgment to allow parties to obtain discovery to oppose the motion. When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). However, where "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N., 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or

1  was the object of pure speculation." VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am.,
2  784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

3  **III.    DISCUSSION**

4         This case involves Plaintiff's allegation that Defendant was deliberately indifferent
5  to a serious risk of harm to Plaintiff from arsenic in the water at KVSP. (ECF No. 19.) In
6  support of the motion for summary judgment, Defendant submits a declaration from
7  retained expert R. Geller, M.D., stating that the levels of arsenic Plaintiff was exposed to
8  were insufficient to harm Plaintiff's health and, in any event, Plaintiff's health complaints
9  are not associated with arsenic poisoning. (ECF No. 71.)

10         Plaintiff filed a declaration in opposition. In paragraphs ten through twelve, Plaintiff
11  states that he was forced to drink water containing poisonous, inorganic arsenic, and
12  that long term exposure to such contaminant may, and in Plaintiff's case did, have
13  various health effects. (ECF No. 85 at 25-26.) Attached as Exhibit A to Plaintiff's
14  declaration is a letter from the Department of Health and Human Services, addressed to
15  Plaintiff, discussing effects of inorganic arsenic. (ECF No. 85 at 80-81.) Attached as
16  Exhibit E to Plaintiff's declaration is a brochure from the Department of Health and
17  Human Services, entitled "ToxGuide for Arsenic." (ECF No. 85 at 111-12.) Attached as
18  Exhibit M to Plaintiff's declaration is a webpage printout from the Centers for Disease
19  Control and Prevention containing a definition of "arsenic (inorganic)." (ECF No. 85 at
20  46.)

21         Defendant moved to strike the foregoing evidence presented by Plaintiff on
22  various grounds. (ECF No. 93.) Relevant here, Defendant moved to strike the specified
23  portions of Plaintiff's declaration as unqualified expert testimony. Defendant moved to
24  strike the specified exhibits as containing hearsay, lacking foundation, and lacking
25  authentication.

26         Plaintiff seeks a stay to obtain a declaration from "someone of the Center for
27  Disease Control and Prevention" in support of his claims. (ECF No. 95.) Plaintiff states
28  that he previously was unable to afford a retained expert, but now has funds to do so.

3

Additionally, or alternatively, Plaintiff seeks additional time to serve subpoenas on the Center for Disease Control and Prevention and the Department of Health and Human Service requiring officials there to produce affidavits to authenticate Exhibits A, E, and M. (ECF No. 104.) Plaintiff again states that he was foreclosed from seeking such subpoenas previously due to his indigence. If the stay is granted, Plaintiff requests the Court send him two subpoenas duces tecum.

Defendant's motion for summary judgment has been pending for over nine months. Extensions of time have been granted to both parties. Discovery has concluded and the motion is fully briefed. In light of these circumstances, the Court is unwilling to stay these proceedings for ninety days on the speculative prospect that Plaintiff may be able to obtain evidence in support of his cause. At the same time, the Court is unwilling to limit Plaintiff's ability to address the merits of his case solely based on defects caused by Plaintiff's indigence and pro se status, if there is a possibility of such defects being cured.

Accordingly, the Court will grant Plaintiff a limited stay of thirty days to consult with any proposed expert witness. At the conclusion of thirty days, Plaintiff may seek additional time by making a further showing that evidence bearing on his claims is forthcoming. However, absent a declaration from a prospective expert providing some indication that relevant evidence bearing on the motion for summary judgment is forthcoming, the Court is unlikely to entertain further requests to stay.

The Court will not grant additional time for Plaintiff to pursue subpoenas to require officials to authenticate his documents by way of affidavit, nor will the Court issue subpoenas for such purpose. Such a request is outside the scope of Federal Rule of Civil Procedure 45. That rule permits subpoenas to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." It does not permit a subpoena for the purpose of requiring a person to create an affidavit on a litigant's behalf. The Court will review Plaintiff's exhibits and Defendants' objections in

the course of ruling on the motion for summary judgment, and will give the exhibits such weight as they are due at this stage of the proceedings. See Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.").

**IV.   ORDER**

Based on the foregoing, Plaintiff's motion to stay (ECF No. 95) is hereby GRANTED IN PART AND DENIED IN PART. Proceedings on Defendants' motion for summary judgment are stayed for thirty days from the date of this order.

IT IS SO ORDERED.

Dated:   July 2, 2015                          /s/ *Michael J. Seng*
                                                               UNITED STATES MAGISTRATE JUDGE